UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMANTHA DOUP<br>*on behalf of herself and other*<br>*similarly situated,*<br><br>　　　*Plaintiff,*<br><br>v.<br><br>VAN TUYL GROUP, LLC<br><br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:20-CV-02742-X |

## MEMORANDUM OPINION AND ORDER

Samantha Doup sued Van Tuyl Group, LLC, alleging that it is responsible for telemarking communications she received purportedly in violation of the Telephone Consumer Protection Act. Van Tuyl filed a Motion to Dismiss for Lack of Jurisdiction [Doc. No. 21]. For the reasons below, the Court **DENIES** the motion to dismiss.

### I. Factual Background

Doup alleges that she received several telemarketing robocalls and texts advertising Vandergriff Acura, despite being on the National Do Not Call Registry. She also alleges that a class of similarly situated individuals received similar communications and seeks to maintain this lawsuit on their behalf. Doup initially sued Berkshire Hathaway Automotive Inc. But Doup amended her complaint to substitute Van Tuyl as the defendant after Berkshire Hathaway filed a motion to dismiss, which argued it was the wrong defendant.

1

Van Tuyl argues that it is merely a marketing consultant company that provided consulting services to Vandergriff but engages in no marketing, has no interest in its clients' sales, and possesses no power to direct their activities. Doup disputes these facts, alleging that Van Tuyl shares common ownership with Vandergriff, via Berkshire Hathaway Automotive, and is the marketing entity responsible for marketing strategies at all Berkshire Hathaway owned dealerships. As a result, Doup alleges that Van Tuyl does have an indirect interest in dealership sales and affirmatively "centrally coordinated the illegal robocalling campaigns on behalf of the Berkshire Hathaway dealerships."[1]

## II. Legal Standards

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction.[2] A federal court lacks subject matter jurisdiction when it lacks statutory or constitutional authority to adjudicate the claim.[3] When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the Court should consider the "jurisdictional attack before addressing any attack on the merits."[4] And if both Rule 12 motions have merit, the Court should dismiss on the jurisdictional ground; this allows a plaintiff to pursue her claim in the proper court without danger of the claim being prematurely dismissed with prejudice by a court that lacks jurisdiction.[5]

---

[1] Doc. No. 25 at 8.

[2] *See* FED. R. CIV. P. 12(b)(1).

[3] *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[4] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

When considering a Rule 12(b)(1) motion, the Court "must accept all factual allegations in the plaintiff's complaint as true."[6]  "A court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[7]

However, "where issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits."[8]  When the defendant's "challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits."[9]  An exception this this rule exists when the plaintiff's claim "has no plausible foundation" or "is clearly foreclosed by a prior Supreme Court decision.[10]

### III. Analysis

Van Tuyl argues that Doup lacks standing to sue under the Telephone Consumer Protection Act because Van Tuyl neither conducted the illegal communication nor can be held vicariously liable for the communication.  Therefore, Van Tuyl argues, Doup fails the traceability and redressability prongs of standing

---

[6] *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001)).

[7] *Id.* at 424.

[8] *Montez v. Dept. of Navy*, 392 F.3d 147, 150 (5th Cir. 2004).

[9] *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

[10] *Id.* at 416.

required to form an Article III case or controversy, and the Court accordingly lacks subject matter jurisdiction over the lawsuit.[11]

Even if this standing argument is meritorious, the Court must first determine if it is procedurally proper to evaluate the jurisdictional challenge now. When dealing with jurisdictional challenges, generally "all factual allegations in the complaint must be accepted as true."[12] But "where issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits."[13] This ensures that the plaintiff, who often operates at an informational disadvantage at the pleadings stage, enjoys basic factual protections like those afforded in 12(b)(6) motions.[14]

In *Williamson v. Tucker*, the Fifth Circuit applied this rule to practice. There, the plaintiffs filed securities fraud claims arising out of alleged misrepresentations involving a property investment joint venture agreement.[15] The defendants filed 12(b)(1) motions to dismiss and motions for summary judgment. The district judge summarily dismissed the case, which the Fifth Circuit interpreted as granting the

---

[11] Doc. No. 22 at 6.

[12] *Gemini*, 2009 WL 3416495 at *1.

[13] *Montez*, 392 F.3d at 150. *See also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.").

[14] *Williamson*, 645 F.2d at 415–16.

[15] *Id*. at 407.

12(b)(1) jurisdictional motions.[16]   The defendants premised their jurisdictional motions on the argument that the investment interests were not "securities" within the meaning of the Securities Exchange Acts, and thus the Court had no subject matter jurisdiction over the lawsuit.[17]   But the Fifth Circuit recognized that whether the investment interests classified as "securities" reached the merits of the federal securities claim as well, given that one cannot be liable for securities fraud if no securities are involved.[18]   Therefore, the Fifth Circuit concluded that "it is clear that the jurisdictional issue reaches the merits of the plaintiffs' case; if the joint venture interests . . . are not securities, there is not only no federal jurisdiction to hear the case but also no federal cause of action on the stated facts."[19]   As a result, the district court erred in dismissing on jurisdictional grounds without proceeding to the merits of the case.[20]

This case presents an analogous situation to *Williamson*.   Van Tuyl's briefed jurisdictional argument is simply that the traceability and redressability elements of standing are not met because Van Tuyl did not directly engage in the illegal communication and is not vicariously liable for its commission.[21]   Assuming this is a proper standing argument, the facts central to whether Doup's injury is fairly traceable to an alleged wrong by Van Tuyl are the same facts central to whether Van

---

[16] *Id.* at 409, 412.

[17] *Id.* at 416.

[18] *See id.*

[19] *Id.*

[20] *Id.* at 416, 429.  *See also Bell*, 327 U.S. at 682.

[21] Doc. No. 22 at 7–8.

5

Tuyl is substantively liable for the illegal communication.[22]  Like the securities fraud allegations in *Williamson*, the issues of fact implicated in this Telephone Protection Act claim are central both to subject matter jurisdiction and the claim on the merits. According to the Fifth Circuit, the Court then "must assume jurisdiction and proceed to the merits."[23]

At the hearing, counsel for Van Tuyl presented a new jurisdictional argument that even more closely demonstrates the applicability of the rule described in *Williamson*.  Van Tuyl argued that the language of the Act, as well as the Federal Communications Commission's interpretation of the Act, specifically holds "sellers" liable for illegal communications and "Van Tuyl is not a 'seller' under any sense of the [Act] . . . or the [Commission's] interpretation of the [Act] language."[24]  This is nothing more than an axiomatic syllogism that one who does not engage in the conduct regulated by a federal statute falls outside the statute's subject matter.  Like the *Williamson* issue of whether joint venture interests were "securities," the issue of whether Van Tuyl is a "seller" goes to the Act's jurisdictional nexus and substantive liability on the merits.  Therefore, Van Tuyl's "challenge to the court's jurisdiction" is likewise similarly "also a challenge to the existence of a federal cause of action,"

---

[22] These facts include whether Van Tuyl conducted the communication, directed the communication, or otherwise possessed an agency relationship with a party conducting the communication on Van Tuyl's behalf.  *See* Doc. No. 25 at 19–22.

[23] *Montez*, 392 F.3d at 150.

[24] Doc. No. 36 at 32: 4–14.

meaning the "proper course of action for the district court . . . is to find that jurisdiction exists."[25]

The Court determines that Van Tuyl's jurisdictional challenge is also a challenge to the existence of the federal cause of action raised in this case. And both share common facts central to each issue. Therefore, the Court finds that jurisdiction exists and will proceed with the merits of the case.[26] Accordingly, the Court **DENIES** the motion to dismiss.

## IV. Conclusion

For the forgoing reasons, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED** this 19th day of April, 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[25] *Williamson*, 645 F.2d at 415.

[26] *Id.* Further, Van Tuyl did not argue that the claims here are "so clearly immaterial or insubstantial as to justify their dismissal" under the Supreme Court's strict exception in *Bell v. Hood*. *Id.* at 429. *See also Bell*, 327 U.S. at 682. The Court finds that the claims do not fit that strict standard.